# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* A.C. and L.C.

No. 18-0241 (Roane County 17-JA-28 and 17-JA-29)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father W.C., by counsel Andrew Vodden, appeals the Circuit Court of Roane County's February 13, 2018, order terminating his parental rights to A.C. and L.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that he did not substantially comply with his post-adjudicatory improvement period, denying his motion for an extension of his post-adjudicatory improvement period, and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 28, 2017, the DHHR filed an abuse and neglect petition alleging that petitioner's substance abuse caused him to abuse and neglect the children. Petitioner waived his preliminary hearing. On June 19, 2017, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations of abuse and neglect and he was granted a post-adjudicatory improvement period. Pursuant to his case plan, petitioner agreed to complete inpatient substance abuse treatment, attend addiction support meetings, comply with random drug screens, complete parenting and adult life skills training, participate in therapy, and maintain employment and stable, appropriate housing.

In January of 2018, the DHHR and the guardian filed a joint motion to terminate petitioner's parental rights due to his non-compliance with his post-adjudicatory improvement period and case plan. On January 11, 2018, the circuit court held a review hearing at which the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

DHHR presented evidence that petitioner refused to drug screen at the day report center. Evidence was admitted to show that petitioner completed an inpatient substance abuse treatment program. However, petitioner admitted that he had not participated in parenting services, addiction support services, or therapy, and he was unable to secure stable and appropriate housing, as required by the case plan. Additionally, he explained that he had not seen his children since August of 2017. According to petitioner, he was informed that the DHHR was not receiving his drug screen results from the MedExpress where he was screening. Consequently, visitation with the children was suspended. However, petitioner did not contact the caseworker or take any steps to resolve this problem. Due to his noncompliance with his post-adjudicatory improvement period, the circuit court denied petitioner's motion for an extension.

On February 8, 2018, the circuit court held a final dispositional hearing to address the DHHR and the guardian's joint motion to terminate petitioner's parental rights. The circuit court took judicial notice of evidence from prior hearings and found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in the children's best interests. Ultimately, petitioner's parental rights were terminated in the circuit court's February 13, 2018, order.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in finding that he did not substantially comply with his post-adjudicatory improvement period. In support, he argues that he completed the "most important part of the improvement plan," the completion of an inpatient substance abuse treatment program. However, we do not find this argument persuasive. While it is

---

[2]The mother's parental rights were also terminated below. According to respondents, the children are placed together in a foster home and the permanency plan is to find a suitable adoptive home.

uncontested that petitioner completed inpatient substance abuse treatment, he failed to complete nearly every other term of his improvement period. Petitioner fails to acknowledge that he did not participate in post-treatment addiction support services, therapy, or parenting and adult life skills training. Additionally, because the DHHR was not receiving his drug screen results, visitation with the children was suspended. West Virginia Code § 49-4-610(4) provides that the parent "shall be responsible for the initiation and completion of all terms of the improvement period." Petitioner failed to inquire as to why the DHHR was not receiving the drug screen results, or how to resolve the problem. Lastly, petitioner failed to secure appropriate and stable housing during the proceedings. Based on this evidence, petitioner failed to substantially comply with the terms and conditions of his post-adjudicatory improvement period and is entitled to no relief in this regard.

Next, petitioner argues that the circuit court erred in denying his motion for an extension of his post-adjudicatory improvement period. In support, petitioner reiterates that he substantially complied with the terms and conditions of his post-adjudicatory improvement period and "meaningfully participated in the services offered by the [DHHR]." We disagree. Pursuant to West Virginia Code § 49-4-610(6),

> [a] court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child[ren]; and that the extension is otherwise consistent with the best interest of the child[ren].

As discussed above, despite the fact that he completed inpatient substance abuse treatment, petitioner did not substantially comply with the majority of the terms and conditions of his post-adjudicatory improvement period. Petitioner did not participate in therapy, parenting services, or secure stable and appropriate housing, among other things previously discussed. Moreover, due to his failure to substantially comply with the terms and conditions of his post-adjudicatory improvement period, granting petitioner an extension of the same would only delay establishing permanency for the children. Based on this evidence, petitioner did not meet the requisite burden to receive an extension of his post-adjudicatory improvement period. Therefore, we find no error in the circuit court's denial of petitioner's motion for an extension of his post-adjudicatory improvement period.

Further, we find no error in the circuit court's termination of petitioner's parental rights. Petitioner argues that termination of his parental rights was not in the children's best interests. We disagree. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

The evidence previously discussed also supports the termination of petitioner's parental rights. Petitioner failed to comply with the majority of the terms and conditions of his post-adjudicatory improvement period. Based on this evidence, there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Because petitioner failed to correct the conditions of abuse and neglect, it is clear that the termination of petitioner's parental rights was in the children's best interest in order to establish permanency. Therefore, the circuit court did not err in terminating petitioner's parental rights.

Lastly, due to the fact that the DHHR is continuing to work to secure a suitable adoptive home for the children, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the dispositional order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va. Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 13, 2018, dispositional order is hereby affirmed.

4

Affirmed.

**ISSUED**:  October 12, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating